UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD LEE PAIVA | : |
| | : |
| v. | : C.A. No. 15-116S |
| | : |
| ASHBEL T. WALL, et al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff, an inmate at the Rhode Island Adult Correctional Institutions ("ACI"), brings this 42 U.S.C. § 1983 claim alleging that certain employees of the ACI violated his constitutional rights secured under the First and Fourteenth Amendments in connection with the denial of a publication entitled "Inmate Shopper." (Document No. 1 at p. 3). Plaintiff asserts that after ordering and paying for the publication, he received a notice from the ACI mail room that the publication was received by the ACI, but was "denied" by the Special Investigation Unit for "content." Id. Plaintiff then wrote several letters to prison officials seeking clarification as to the nature of the content that violated DOC policy. Simultaneously, he filed a Level I Grievance. Id. at pp. 3-4. His Level I grievance was denied, and he then filed a Level II grievance, which was also denied. Following the denial of his Level II grievance, he was informed that he would either need to have the publication retrieved from storage and sent out, or that it would be destroyed. Id. at pp. 4-5.

Plaintiff seeks a preliminary injunction "to ensure he can order, receive and possess this said publication." (Document No. 3 at p. 1). Defendants object and contend that Plaintiff's unsupported allegations fall far short of establishing a likelihood of success on the merits of his constitutional claims and also that his Motion is moot because Plaintiff received a copy of the publication after his lawsuit was commenced. (Document No. 21-1 at p. 5).

**Discussion**

In order to obtain a preliminary injunction, the moving party bears the burden of showing that: (1) he will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the nonmovant; (3) he has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by the granting of the injunction. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and Hasbro, Inc. v. MGA Entm't Inc., 497 F. Supp. 2d 337, 340 (D.R.I. 2007). "The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995). Plaintiff here is not seeking to maintain the status quo but wants this Court to affirmatively order the ACI to provide him with a copy of the publication. Defendants claim that the Motion for a Preliminary Injunction is moot because Plaintiff was provided a copy of the publication after this lawsuit was commenced. Even assuming that Plaintiff has not received a copy of the publication, as claimed by Defendants, the Motion still fails because he has not shown a likelihood of success on the merits on either of his constitutional claims and for the reasons discussed below, I recommend that the Motion be denied.

Plaintiff's first constitutional claim is that his First Amendment rights were violated by the denial of the publication. While prisoners are not automatically deprived of important constitutional rights like those preserved in the First Amendment, "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system.'" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). In Turner v. Safley, 482 U.S. 78,

85 (1987) the Supreme Court held that restrictive prison regulations are permissible if they are "'reasonably related' to legitimate penological interests."

In the present case, the Rhode Island Department of Corrections has adopted the "Inmate Mail Policy" which requires the DOC to screen incoming mail. The "Inmate Shopper for Affluent Inmates" publication was determined to violate the DOC Policy as it related to the safety and security of the Institution. (Document No. 21-1 at pp. 7-8). According to the Defendants, the publication includes "pen-pal resources, contests, gifts, and 'sexy-girl pic sellers'" and it "had potential to contribute to incoming contraband being a mail-order catalog." (Document No. 21-1 at pp. 2, 9). The DOC found that the information contained in the publication violated its Policy in that it could interfere with "facility goals of security, order, discipline [and] rehabilitation...." (Document No. 21-1 at p. 2).

In the present case, the application of the DOC Mail Policy to the publication at issue was reasonably related to legitimate penological interests. In making this determination, the Court is mindful of its obligation to "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). Accordingly, I find that Plaintiff has failed to establish a likelihood of success on the merits of his First Amendment claim.

The other Constitutional claim asserted by Plaintiff is a Fourteenth Amendment claim for deprivation of due process. This claim must also fail because Plaintiff concedes that he was notified in writing that the publication he sought was denied for content and that he thereafter sought review of the decision by way of two grievances. Plaintiff does not argue what additional process he is due, he simply contends that he is entitled to know the precise material in the publication that violated the DOC Policy. The Inmate Mail Policy provides general criteria for denial of a publication into the ACI,

and Defendants note that the ACI is not required to identify specific content "because of concerns for the safety and security of the institution." (Document No. 21-1 at p. 8). Because Plaintiff was notified that the publication was denied, and then afforded the opportunity to file a grievance concerning the denial, I find that Plaintiff has not succeeded in demonstrating a likelihood of success on his due process claim.

### Conclusion

For the foregoing reasons, I recommend that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Document No. 3) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond  
LINCOLN D. ALMOND  
United States Magistrate Judge  
November 30, 2015