UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
RICHARD LEE PAIVA,             )
                               )
        Plaintiff,             )
                               )
    v.                         )   C.A. No. 15-116 S
                               )
ASHBEL T. WALL, JAMES WEEDEN,  )
and LYNDA AUL,                 )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") on September 1, 2016 (ECF No. 96) recommending that the Court grant Defendants' Cross-Motion for Summary Judgment (ECF No. 55). Plaintiff has filed an Objection to that R&R. (ECF No. 99.[1]) After consideration of the R&R and Plaintiff's Objection, and pursuant to 28 U.S.C. § 636(b)(1), the Court ACCEPTS the R&R and GRANTS Defendants' Cross-Motion for Summary Judgment.

In addition to Plaintiff's Objection to the R&R, the Court has before it the following outstanding matters related to Plaintiff's claim:

---

[1] Defendants have filed a Response (ECF No. 104) to Plaintiff's Objection, and Plaintiff has filed a Reply (ECF No. 106) to Defendants' Response.

- Plaintiff's Appeal of Magistrate Judge Almond's May 10, 2016 Text Order Denying Plaintiff's Motion to Defer Ruling on Defendants' Cross Motion for Summary Judgment Until Discovery is Taken (ECF No. 70);

- Plaintiff's Appeal of Magistrate Judge Almond's May 10, 2016 Text Order Denying his Motion to Stay (ECF No. 71);

- Plaintiff's Appeal of Magistrate Judge Almond's May 10, 2016 Text Order Denying Plaintiff's Motion for Leave to File Objection to Text Order (ECF No. 72);

- Plaintiff's Motion for Leave to File Replies or Otherwise Respond to Defendants Filings of Document Nos. 76, 77, 78, 79, 80, and 81 (ECF No. 90);

- Plaintiff's Motion for Preliminary Injunction (ECF No. 92).

These Appeals and Motions are addressed below and are DENIED.

I. Factual Background

The R&R fully lays out the relevant facts and procedural background of the case. In brief, Plaintiff is an inmate at the Maximum Security Facility within the Adult Correctional Institution ("ACI"). (R&R 3, ECF No. 96.) The ACI denied Plaintiff access to a specific issue of a mail-order publication entitled "Inmate Shopper for Affluent Inmates." (Id. at 4.) The issue was reviewed by ACI personnel and found to be in violation of the Inmate Mail Policy. (Id.) That Policy prohibits mail that is "detrimental to the security, good order or discipline of the facility, and/or if the effect of which might hinder

rehabilitation of an inmate, facilitate criminal activity, or contribute to a hostile work environment." (Id. at 3.)

Plaintiff alleges that the ACI's decision violated Plaintiff's rights under the First and Fourteenth Amendments, and brings suit pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1.) Plaintiff originally submitted a Motion for Summary Judgment (ECF No. 44), but later withdrew that Motion. (R&R 1, ECF No. 96.) Defendants submitted a Cross-Motion for Summary Judgment (ECF No. 55), and Magistrate Judge Almond recommends that the Cross-Motion be granted.

II.   Magistrate Judge Almond's Report and Recommendation and Plaintiff's Objection

Plaintiff argues that the ACI's decision to deny him a specific issue of the "Inmate Shopper for Affluent Inmates" violated the First and Fourteenth Amendments. With regards to Plaintiff's First Amendment claim, Magistrate Judge Almond correctly explained that the "constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or with the legitimate penological objectives of the corrections system." (R&R 6, ECF No. 96 (quoting Shaw v. Murphy, 532 U.S. 223, 229 (2001) (internal quotations omitted).) Moreover, "[b]ecause the

3

problems of prisons in America are complex and intractable, and because courts are particularly ill equipped to deal with these problems . . . the Supreme Court generally has deferred to the judgments of prison officials in upholding these regulations against constitutional challenge." (Id. at 6-7 (quoting Almeida v. Wall, No. C.A. 08-184S, 2008 WL 5377924, at *8 (D.R.I. Dec. 23, 2008) (internal citations and quotations omitted).) In light of this precedential backdrop, Magistrate Judge Almond found that the ACI's "justifications for the limitations placed on Plaintiff's First Amendment rights are reasonable." (Id. at 7.)

Magistrate Judge Almond also determined that "Plaintiff's Due Process claim fairs no better." (Id. at 8.) As Magistrate Judge Almond explained, the ACI must comply with certain "minimum procedural safeguards" when denying a prisoner access to a particular piece of mail. (Id.) Magistrate Judge Almond described the necessary safeguards, discussed in Procunier v. Martinez, 416 U.S. 396, 418 (1974), and determined that the process employed by the ACI in this case was sufficient.

Plaintiff's Objection to the R&R does not attack Magistrate Judge Almond's legal analysis, but instead discusses various facts not in the record and argues that additional discovery should have been permitted prior to any summary judgment ruling. With respect to Plaintiff's arguments that are based on facts not in the record, such arguments must fail because facts not in

4

the record are not considered at the summary judgment stage. See Fed. R. Civ. P. 56(c)(1).

The Court also finds Plaintiff's discovery-related arguments unpersuasive. Plaintiff requested that Magistrate Judge Almond defer ruling on Defendants' Cross-Motion for Summary Judgment until after additional discovery had been taken. (ECF No. 61.) Magistrate Judge Almond denied that Motion, explaining that "Plaintiff's present argument that discovery is necessary is directly contradicted by his prior representation to the Court in his own Motion for Summary Judgment that 'there are no genuine issues of material facts' in this case." (05/10/16 Text Order.) Plaintiff requested that this Court overturn that Order and permit additional discovery. (See ECF No. 70, 71, and 72.) The Court declines to do so.

A district court may only overturn non-dispositive orders of a magistrate judge if they are "clearly erroneous or contrary to law." United States v. Raddatz, 447 U.S. 667, 673 (1980) (quoting 28 U.S.C. § 636(b)(1)(A)). "In conducting this review, the district court must refrain from second guessing the magistrate judge's pre-trial discovery rulings." Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004) (citing Mutual Fire, Marine & Inland Ins. Co. v. Jenckes Mach. Co., No. 85-0586, 1986 WL 9717, at *1 (D.R.I. Feb. 19, 1986)). As Magistrate Judge Almond had a reasonable

5

basis to deny Plaintiff's request for additional discovery, the Court will not disrupt that ruling. Magistrate Judge Almond was also well within his discretion to deny Plaintiff's Motion to Stay and Motion for Leave to File Objection to his Order. Neither of these decisions were clearly erroneous.

### III. Other Outstanding Matters

Plaintiff has filed a Motion for Preliminary Injunction, requesting that the "Court issue an injunction ordering Defendant Wall to ensure that his staff permit the plaintiff to make legal copies." (Mot. for Prelim. Inj. 1, ECF No. 92.) The Court must weigh the following factors when considering a motion for preliminary injunction: "(1) the plaintiff's likelihood of success on the merits, (2) the likelihood of irreparable harm, (3) the balance of relevant equities, and (4) the effect of the court's action on the public interest." Universal Truck & Equip. Co. v. Caterpillar, Inc., 883 F. Supp. 2d 337, 338 (D.R.I. 2012) (citing Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 5 (1st Cir. 2012)). Here, because Plaintiff has shown no basis for his claim, his motion for preliminary injunction is DENIED. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996) ("Likelihood of success is the main bearing wall of the four-factor framework.").

6

Lastly, Plaintiff's Motion for Leave to File Replies to Document Nos. 76, 77, 78, 79, 80, and 81 (ECF No. 90) is DENIED AS MOOT.  All of the relevant motions have already been ruled on by Magistrate Judge Almond or in this Order.

IV. Conclusion

For the foregoing reasons, the R&R is ADOPTED and Defendants' Cross-Motion for Summary Judgment (ECF No. 55) is GRANTED. Plaintiff's Appeals of Magistrate Judge Almond's Text Orders (ECF Nos. 70, 71, 72) and Motion for Preliminary Injunction (ECF No. 92) are DENIED. Plaintiff's Motion for Leave to File Replies (ECF No. 90) is DENIED AS MOOT. Final judgment will enter for Defendants.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date:  January 4, 2017

7